IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JONATHON LEWIS, | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Case No. 08-1163-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MATTHEW OLAFSON and CITY OF MONMOUTH, | ) | |
| | ) | |
|     Defendants. | ) | |

    Keith L. Hayes
    P. O. Box 982
    Salem , Oregon  97303

        Attorney for Plaintiff

    Kenneth S. Montoya
    City County Insurance Services
    280 Liberty Street SE, Suite 206
    Salem , Oregon  97301

        Attorney for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Jonathon Lewis alleges a claim for unreasonable seizure, in violation of the Fourth Amendment, arising from an arrest by Matthew Olafson, an officer of the Monmouth Police Department. Before the court is Defendants Matthew Olafson and City of Monmouth's Rule 12(b) Motion to Dismiss (#5).

## DISCUSSION

Defendants move to dismiss Lewis's Amended Complaint because it is filed one day too late. Lewis did not respond to the motion.

Lewis's claim is for a violation of the Fourth Amendment under 28 U.S.C. § 1983. Section 1983 claims use the two-year statute of limitations for personal injury actions. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002); ORS 12.110. The conduct allegedly occurred on October 5, 2006. Lewis filed the Complaint on October 3, 2008 but named WFS Financial, Inc. as the only defendant in the caption, even though the allegations name Matthew Olafson and the City of Monmouth as the defendants. On October 6, 2008, Lewis filed an Amended Complaint which correctly named Olafson and the City of Monmouth as the only defendants.

The last day a complaint could have been timely filed within the two-year statute of limitations was on October 5, 2008. See Kowalski v. Hereford L'Oasis, 190 Or. App. 236, 239, 79 P.3d 319 (2003) (the word "year" in a statute of limitations refers to a calendar year, not a 365 day period, so the personal injury claim could be timely filed on the second anniversary of the injury, regardless of whether one of the intervening years was a leap year). October 5, 2008, however, is a Sunday, a court holiday. The Ninth Circuit applies Federal Rule of Civil Procedure 6 to the computation of federal statutes of limitations. Hart v. United States, 817 F.2d

Page 2 - OPINION AND ORDER

78, 80 (9th Cir. 1987) (applied to a Federal Tort Claims Act case); Fed. R. Civ. P. 6(a)(3) ("Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or–if the act to be done is filing a paper in court–a day on which weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.").

Consequently, Lewis had until Monday, October 6, 2008 to file a timely complaint. Thus, Lewis timely filed the Amended Complaint.

## CONCLUSION

Defendants Matthew Olafson and City of Monmouth's Rule 12(b) Motion to Dismiss (#5) is denied.

IT IS SO ORDERED.

Dated this       6th       day of May, 2009.

       /s/ Garr M. King
       Garr M. King
       United States District Judge