IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**JONATHON LEWIS**,                                                      Civil Case No. 08-1163-KI

                          Plaintiff,

                                                                          OPINION AND ORDER

          vs.

**MATTHEW OLAFSON and**
**CITY OF MONMOUTH,**

                          Defendant.

          Keith L Hayes
          P.O. Box 982
          Salem , Oregon  97303

                    Attorney for Plaintiff

Gerald L. Warren
Law Office of Gerald Warren
901 Capitol Street NE
Salem , Oregon  97301

      Attorney for Defendants

KING, Judge:

      Defendants Matthew Olafson and City of Monmouth move for summary judgment on plaintiff Jonathon Lewis's 42 U.S.C. § 1983 claim that defendants violated the Fourth Amendment.  Plaintiff did not file an opposition.  For the reasons set forth below, I grant the motion.

## FACTS

      Jonathon Lewis is a registered sex offender who lives in Dallas, Oregon.  On October 5, 2006, police officer Matthew Olafson of the City of Monmouth's police department approached Lewis outside his home at 111 Stadium Drive.  Olafson checked Lewis's identification and used his computer to verify that Lewis was required to register as a sex offender.  Lewis told Olafson he had been living at the Stadium Drive address for about one month.  Olafson asked Lewis why his address was listed in the Law Enforcement Database System ("LEDS") as 10295 Oak Hill Road.  Lewis told Olafson that the Oak Hill address was his parents' house and his mailing address.  Olafson told Lewis he thought he was required to report his physical address, not his mailing address, for purposes of sex offender registration.  Lewis told Olafson that he had filed the appropriate paperwork registering his new address "a few weeks earlier."  Decl. Matthew Olafson at ¶ 4.  Olafson told Lewis he was not going to arrest him at that time and would do further research on the matter.

Page 2 - OPINION AND ORDER

Olafson went to the Monmouth Police Department and printed out the LEDS information verifying that Lewis was currently registered at the Oak Hill address. The LEDS printout indicated that the Oak Hill address was registered as of August 1, 2006. Olafson says he believed that the August 1 registration was the one Lewis referred to when he mentioned that he had registered his address "a few weeks earlier." Olafson also researched the sex offender registration requirements and verified that offenders must register their current physical address. In addition, Olafson conferred with a supervisor, who agreed that Lewis was not in compliance with the sex offender registration requirements.

The court notes that the LEDS sheet Olafson printed that night contained an entry that read "MIS/LEDS RECORD NOT UPDATED, REPTD TO SALEM SP -SMO- 09-12-2006 DNA/NO." Decl. Matthew Olafson, Ex. 1 at 1.

Olafson re-contacted Lewis at roughly one o'clock a.m on October 6, and placed Lewis under arrest for failure to register his new address within ten days of moving. Lewis alleges in his complaint that he told Olafson he had a copy of his change of address registration in his vehicle, and he offered to show it to Olafson. Olafson swears that Lewis did not offer any documentation.

Unbeknownst to Olafson, Lewis had filed a change of address registration with the Oregon State Police on September 12, 2006. He moved to the Stadium Drive address on September 4, 2006. For this reason, all charges against Lewis were later dropped.

### STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The

Page 3 - OPINION AND ORDER

initial burden is on the moving party to point out the absence of any genuine issue of material

fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate

through the production of probative evidence that there remains an issue of fact to be tried.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the

evidence is viewed in the light most favorable to the nonmoving party.  Universal Health

Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

In his complaint, Lewis alleges that Olafson violated his Fourth Amendment right to be

free of unreasonable seizure of his person.  According to Lewis, as a consequence of Olafson's

violation of his Fourth Amendment rights, Lewis suffered emotional pain, anxiety, and

humiliation.  Defendants argue that Lewis's was supported by probable cause, and, therefore, no

Fourth Amendment violation occurred.

In order to prevail on a claim for violation of the Fourth Amendment prohibition against

unreasonable seizures, the plaintiff would have to demonstrate that there was no probable cause

to arrest him.  Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (per

curiam).  Probable cause to arrest exists when officers have knowledge or reasonably trustworthy

information sufficient to lead a person of reasonable caution to believe an offense has been or is

being committed by the person being arrested.  John v. City of El Monte, 515 F.3d 936, 940 (9th

Cir. 2008).  A court looks to the totality of the circumstances known to the arresting officers to

determine if a prudent person would have concluded there was a fair probability that the

defendant had committed a crime.  Id.  Probable cause is an objective standard and the officer's

subjective intention in exercising his discretion to arrest is immaterial in judging whether his

actions were reasonable for Fourth Amendment purposes.  Id.  Rather, the determination whether there was probable cause is based upon the information the officer had at the time of making the arrest.  Devenpeck v. Alford, 543 U.S. 146, 152 (2004) ("Whether probable cause exists depends on the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest").

Here, Olafson had probable cause to believe that Lewis had committed the crime of violation of ORS 181.599(1)(c), which reads, in part, "[a] person who is required to report as a sex offender and who has knowledge of the reporting requirement commits the crime of failure to report as a sex offender if the person fails . . . . [to] report following a change of residence."  An offender must complete the registration "[w]ithin 10 days of a change of residence."  ORS 181.596(4)(b)(A).

The LEDS database indicated that Lewis's current address was 10295 Oak Hill Road, although he told Olafson he lived on Stadium Drive.  Although I am concerned that LEDS did not reflect plaintiff's change of address, filed twenty-four days before, this failure was not Olafson's or the City of Monmouth's fault.  In addition, Olafson's mistake in assuming that the registration Lewis said he filed "a few weeks earlier" was the August 1, 2006 registration, was reasonable.  Furthermore, Olafson acted prudently by conducting further investigation after his initial contact with Lewis.  He researched the law and consulted with a supervisor prior to making the arrest.  I am troubled by the parties' failure to account for the line on the LEDS printout that read "MIS/LEDS RECORD NOT UPDATED, REPTD TO SALEM SP -SMO- 09-12-2006 DNA/NO."  Nevertheless, Lewis has not come forward to explain how Olafson, or the court, should understand this information.  Thus, I give it no effect.  The available information,

Page 5 - OPINION AND ORDER

viewed in the light most favorable to the plaintiff, leads me to conclude that Olafson had

probable cause to believe that Lewis committed a crime in violation of ORS 181.599.

Since Olafson had probable cause for the arrest, Lewis's § 1983 claim for unreasonable

seizure of his person in violation of the Fourth Amendment fails.  Accordingly, I hold that there

is no genuine issue of material fact and that Olafson and the City of Monmouth are entitled to

judgment as a matter of law.

## CONCLUSION

Defendants' Motion for Summary Judgment (#16) is granted.

IT IS SO ORDERED.

Dated this _____7th_____ day of January, 2010.

       /s/ Garr M. King_____
       Garr M. King
       United States District Judge